## Case No. 13,119.

### SMITH v. TURNER.

[1 Hughes, 373.] [1]

Circuit Court, E. D. Virginia. Sept. 26, 1876.

RES JUDICATA—DIFFERENCE IN PARTIES—TAX SALE.

1. The principle of res judicata, which applies only where there is an identity of the thing sued for, of the cause of action, of persons and parties, and of the quality of the persons for or against whom the claim is made, does not work an estoppel against the complainant in a suit where the last three conditions are wanting.

[Cited in Blackwell v. Dibrell, Case No. 1,-475.]

2. A decision of the supreme court of the United States, which held that the tax sale of a certain piece of land made by commissioners of the United States (which it assumed to be valid) carried to the purchaser the whole estate in the land free from incumbrances, does not prevent a person, who was not a party to the record before the court, from bringing suit against the purchaser of the land, for the purpose of contesting the validity of the sale which was the subject of the decision.

At a United States government's tax sale, made on the first day of March, 1864, at Alexandria, Virginia, David Turner became the purchaser and entered into possession of a lot of land and dwelling-house, on Royall street in that city. The land was at the time charged on the land-book for 1860, kept under the laws of Virginia, to R. M. & J. M. Smith. Turner still holds possession of the property. R. M. & J. M. Smith seem to have owned at the time, not the fee simple title in the estate, but only a rent-charge of $224 per annum. But they, and those from and through whom they claimed, had held undisputed possession

---

[1] [Reported by Hon. Robert W. Hughes. District Judge, and here reprinted by permission.]

of the entire estate in the property since 1821. It is contended by Turner that their interest was in truth and in fact, by virtue of long possession and merger, the entire fee simple. In February, 1867, J. M. Smith, survivor of R. M. Smith, who had died, sued out a distress warrant against Turner, for rent in arrears from November, 1861, for five years, amounting to $1,120. He proceeded upon the ground that his rent-charge was not affected by the government's tax sale, only the fee simple passing to Turner, the purchaser. The warrant was levied upon household furniture of Turner found upon the premises to the value of $200. Turner replevied his property and contested the right of the distrainor in the county court, and afterwards in the circuit court of Alexandria. In the latter court a jury found a special verdict which traced the history of the title of the land down from 1819 to the tax sale to Turner. Upon this special verdict the circuit court rendered judgment in favor of the distrainor. The case was carried by writ of error to the supreme court of appeals of Virginia, where the judgment of the circuit court was affirmed. A writ of error was then taken out of the supreme court of the United States by Turner, and that court reversed the judgment of the state courts, and decided that there was nothing in the acts of congress of June 7th, 1862 [12 Stat. 422], and February 6th, 1863 [Id. 640], relating to the collection of taxes in insurrectionary states, which requires the tax commissioner to hunt up the owners of land assessed with a tax, or to make the tax out of personal property of his, or which may be found upon the land; but that it was clearly a direct tax upon the land and upon all the estates, interests, and claims connected with or growing out of the land, that all this was forfeited to the United States on non-payment of the taxes, and passed by the sale to the purchaser, subject alone to the right of redemption, which the law allowed; that in that respect only was it a defeasible title, but in all other respects was perfect, complete, and entire; and that in this case, the sale being a valid one, the rent-charge of the defendant in error was cut off and destroyed by it.

The case of Smith v. Turner (reported as Turner v. Smith in 14 Wall. [81 U. S.] 553) ended, of course, with this decision. But no notice had been taken in any of the proceedings which have been described of a deed of trust which in the year 1854 had been executed by R. M. & J. M. Smith to Benjamin H. Berry as trustee, to secure a debt due to Aquilla Glasscock, evidenced by several bonds, now amounting to some $6,500. These bonds were assigned by their holder to one William Smith as trustee, for the benefit of his children. This deed of trust conveyed to Berry the rent-charge of $224, which has been mentioned, and all the interest in the lot on Royall street derived by the grantors, R. M. & J. M. Smith, from those under whom they claimed and held possession. In April, 1874,

William Smith, as trustee for his children, to whom Aquilla Glasscock had assigned the bonds of R. M. & J. M. Smith, which have been mentioned, brought a bill in the circuit court of the city of Alexandria, to foreclose the trust deed of 1854, making David Turner, one Robinson (who had been substituted for Berry, who had died, as trustee), J. M. Smith, and the heirs of R. M. Smith, deceased, parties defendant. The claim of the complainant was based on the ground that the tax sale of 1864 was invalid, and gave no title as against the complainant to the purchaser, David Turner. The complainant alleges facts in regard to the sale identical with those which were presented in the case of Tacey v. Irwin, reported in 18 Wall. [85 U. S.] 549, in which the supreme court had decided the tax sale invalid. This suit of Smith v. Turner [supra] has been removed from the circuit court of Alexandria into this court by writ of certiorari sworn out by the defendant. The suit is resisted on the ground that the supreme court of the United States in Turner v. Smith has already determined against the rights of the complainant by deciding that the rent-charge of R. M. & J. M. Smith conveyed by their deed of trust was "cut off and destroyed" by the tax sale of 1st of March, 1864, and that the purchaser holds the property clear of all incumbrances.

Hunton & French, for complainant.
Francis L. Smith & Son, for defendant.

HUGHES, District Judge. The chief question is, whether the principle of res judicata applies here in bar of the rights of William Smith under the trust deed of 1854. He sues for one of the very "interests" all of which the supreme court has decided to have passed to Turner by the tax sale of 1864. This principle applies only in cases where these four things concur, viz.: 1st, where there is an identity of the thing sued for; 2d, where there is an identity of the cause of action; 3d, where there is an identity of persons and of parties to the suits; and 4th, where there is an identity of character or quality in the parties for or against whom the claim is made. Bouv. Law Dict. tit. "Res Judicata," and the numerous cases there cited. In the present case it may be conceded, that the first condition exists. But the rest do not. As to the second, the cause of action in Turner v. Smith, 14 Wall. [81 U. S.] 553, was rent distrained for; while here the prayer is for a foreclosure of a mortgage of a rent-charge alleged to rest upon the land. As to the third condition, except the defendants, David Turner and J. H. Smith, none of the parties are the same as they were in Turner v. Smith [supra]. As to the fourth condition, in that case, J. M. Smith sued as owner of the rent-charge, while in this suit William Smith sues as beneficiary in a deed of trust, conveying the rent-charge and all the interests held by the grantors in the deed in the land in question. Thus, the cause of action, the parties, and the quality or character of the

parties are all different in the two suits, and William Smith is not estopped from bringing this suit by the judgment against J. M. Smith in the suit of Turner v. Smith. He may sue, moreover, for another and better reason. He certainly had rights in the lot on Royall street, Alexandria, at the time of the tax sale in 1864. If that sale was invalid those rights still subsist. He is not bound by any judicial decision upon the validity of that sale rendered in a cause in which he was not a party. The constitution declares that no person shall be deprived of his property, except by due process of law. If that tax sale has been declared valid, it has been declared so in a proceeding to which he was not a party, and he is in no manner bound by the decision. He has as much right to impeach that sale by judicial proceeding as if the suit of Turner v. Smith had never been brought. His right to sue is as good now as it ever was.

The other question in the case is, whether the decision of the supreme court in Turner v. Smith is not, as an authority in settling the principle of law on which it was decided, binding upon this court in this cause. It would undoubtedly be so but for certain considerations about to be stated. In the case of Turner v. Smith the validity of the tax sale of 1864 was not contested and was admitted. That being a concession in that case, the supreme court decided only that by a valid tax sale, under the laws of the United States cited, the land which is sold passes to the purchaser clear of all incumbrances. The complainant in the present suit, however, raises no question as to what passes by such a sale, but contests the validity of the sale of 1864, and rests his suit upon the question of its validity. And not having been a party to the former suit, he is not bound by the concessions, admissions, omissions, faults, or blunders of the plaintiff in that suit, and the decision there is only binding here as to the principle there settled, and not as to any different principle of law not raised or passed upon there, but relied upon here as governing this case.

The question here being the validity of the tax sale of 1864, and the facts of that sale being shown in the evidence to be identical with those which existed in the tax sale which was passed upon by the supreme court in the case of Tacey v. Irwin (reported in 18 Wall. [85 U. S.] 549), the complainant contends that this court is bound by the decision in Tacey v. Irwin, and not by that in Turner v. Smith. In the case of Bennett v. Hunter, 9 Wall. [76 U. S.] 326, the supreme court had decided that the owner of land assessed with a federal tax was not bound to tender the tax due in person, but might do so by another, and that if, in consequence of the refusal of tax commissioners to receive a tax when tendered by a person other than the owner of the land, the land was forfeited and sold, such tax sale was invalid. In the case of Tacey v. Irwin [supra], the supreme court held, that where the tax commissioners advertised, or gave out to the public, that they would not receive taxes from any but the owners of lands in person, then a tender by others than the owners was rendered useless and nugatory, and need not be proved, and that tax sales made of such lands were invalid and null.

The facts here being the same as they were in the case of Tacey v. Irwin, and the question of law upon these facts being the same, the decision there furnishes the law to this court of this case, and a decree must be given for the complainant.